1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3    * * *

4    UNITED STATES OF AMERICA,                    Case No. 2:18-CR-00266-APG-EJY

5                    Plaintiff,

6          v.                                     **REPORT AND RECOMMENDATION**

7    RASHAD CRAIG TANNER,                         **ECF No. 53**
                                                  **Motion to Dismiss all Counts of**
8                    Defendant.                   **Felon in Possession of a Firearm –**
                                                  **19 U.S.C. §§ 922(g)(1) and 924(a)(2)**

9

10         Before the Court is Defendant Rashad Tanner's Motion to Dismiss all Counts of Felon in

11   Possession of a Firearm – 19 U.S.C. §§ 922(g)(1) and 924(a)(2).  ECF No. 53.  The Court has

12   considered the Motion, the Response (ECF No. 56), and the Reply (ECF No. 58).  The Court reports

13   and recommends as follows.

14                                   **BACKGROUND**

15         Defendant was indicted on August 29, 2018, with ten counts of Felon in Possession of a

16   Firearm and ten counts of Illegal Acquisition of a Firearm in violation of 18 U.S.C. §§ 922(g)(1),

17   924(a)(2), and 922(a)(6) respectively.  ECF No. 1.  On October 2, 2019, the Government filed its

18   superseding indictment charging Defendant with the same counts, in violation of the same statutes,

19   but adding an additional allegation to the Felon in Possession charges.  ECF No. 54.

20         In his Motion to Dismiss all counts of Felon in Possession of a Firearm, Defendant states

21   that: (1) he was convicted of felonies in 1995;[1] (2) in 2016, he worked with an attorney to have his

22   criminal record expunged; (3) he subsequently "had a background check done and the background

23   check was clear"; (4) he "believed his criminal record was erased"; and, (5) "he could legally

24   purchase firearms."  ECF No. 53 at 2:16-17.  Defendant then avers that it "is then alleged" that

25   Defendant subsequently purchased a variety of firearms that Defendant "stored … at his own home

26   and his aunt's home."  *Id*. at 2:17-18.

27

28   ---
     [1]      The Government describes these felony convictions as arising from robbery, assault with a semi-automatic firearm, possession of marijuana for sale, and attempted robbery.  ECF No. 56 at 2:14-15.

Thereafter, Defendant alleges that he reported a 9mm pistol stolen sometime before February 10, 2018, when an individual named Joseph McDonald was stopped by Homeland Security as he attempted to enter the United States with the allegedly stolen gun traced back to Defendant.  ECF No. 53 at 2:19-21.  When Defendant was contacted by law enforcement and told he could not own firearms, Defendant alleges he responded with the question: "In Nevada?"  *Id.* at 2:23-24.  Based on these facts Defendant argues that the indictment did not allege the necessary element that Defendant "was aware of his status as a felon."  *Id.* at 4:10-11.[2]  Without alleging this fact, Defendant argues, the indictment does not support the "charge of Felon in Possession of a Firearm."  *Id.* at 4:22-23.

In the Government's Response to Plaintiff's Motion, it points out that the United States Supreme Court issued its decision in *Rehaif v. United States*, __ U.S.__, 139 S. Ct. 2191 (2019) in June 2019, long after Defendant was initially indicted.  The *Rehaif* Court held that a successful prosecution of the statutes at issue (18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2)) requires proof that a defendant knew he/she possessed a firearm *and* knew that he/she belongs to the relevant category of restricted persons.  *Id.* at 2194.

The Government further points out that if an original indictment contains the elements of the offense then charged, and fairly informed the defendant of the charges against him such that the defendant is able to "plead an acquittal or conviction in bar of future prosecutions for the same offense,"[3] then the indictment may be amended up to and during trial so long as the defendant is not "misled or prejudiced by the amendment."  ECF No. 56 at 4:1-5 *citing Williams v. United States*, 179 F.2d 656, 659 (5th Cir. 1950); *United States v. Fruchtman*, 421 F.2d 1091, 1021 (6th Cir. 1970).  Subsequent to the *Rehaif* decision, the federal grand jury in the District of Nevada returned a superseding indictment that added "charging language" consistent with the requirements of *Rehaif*.

---

[2]    In his Reply in Support of his Motion to Dismiss Felon in Possession of a Firearm charges, Plaintiff argues that Plaintiff "does not have the guilty state of mind required by the" statutes with which he is charged. Specifically, Plaintiff argues that the Government does not allege Plaintiff "knew he was prohibited from possessing a firearm because of his prior convictions" and that Plaintiff did not know he "remained a member of" those prohibited from possessing a firearm.  Plaintiff goes on to argue that his behavior is inconsistent with someone who knew he could not lawfully purchase and possess a firearm.  ECF No. 58 at 3.

[3]    ECF No. 56 at 4 *citing Hamling v. United States*, 418 U.S. 87, 117 (1974).

2

ECF No. 56 at 3:10-11. Defendant also avers that any attempt by Defendant to argue the merits of his defense must be rejected by the Court. *Id. citing United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

## DISCUSSION

The parties do not dispute that Defendant was first indicted on August 29, 2018 (ECF No. 1) or that Defendant filed a superseding indictment on October 2, 2019. ECF No. 54. The superseding indictment was returned before Defendant's trial on any of the charges against him. *See* ECF filings, generally. Defendant appeared for his arraignment and plea on the superseding indictment on October 10, 2019, pleading not guilty to all counts. ECF No. 59. The calendar call is now set for January 21, 2020, and the jury trial is set for January 27, 2020 (ECF No. 61).

At the time the Government filed its original indictment the United States Supreme Court decision in *Rehaif* had not yet issued. *Compare* ECF No. 1, filed August 29, 2018, with *Rehaif v. United States*, filed June 21, 2019. When limited to only those counts alleging Felon in Possession of a Firearm, a review of the August 2018 indictment consistently states that Defendant was a convicted felon and knowingly possessed firearms in violation of the statutes identified. ECF No. 1 (Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, and Twenty). These allegations, as stated in the August 2018 indictment, fairly informed Defendant of the elements of the crimes with which he was then charged (as well as against which he was required to defend) enabling him to determine how to proceed with his case.

The superseding indictment similarly alleges that Defendant was a felon, that Defendant knowingly possessed firearms, and adds that Defendant *knew* he was a felon at the time of his possession of such firearms. ECF No. 54 (Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, and Twenty). Thus, the difference between the original indictment and the superseding indictment is the addition of the factual allegations that Defendant knew he was a felon, which allegation was added as a result of the decision in *Rehaif* as discussed above.

When evaluating the indictments at issue, the Ninth Circuit Court of Appeals makes clear that (1) the Court must presume the truth of the allegations in the indictments filed by the United States as this matter is being raised pretrial, (2) "a defendant may not properly challenge an

1   indictment, sufficient on its face, on the grounds that the allegations are not supported by adequate

2   evidence," (3) "[a] motion to dismiss cannot be used as a device for a summary trial of the evidence,"

3   and (4) a lower court errs if the court bases its decision on a motion to dismiss on evidence that

4   "should only have been presented at trial. …" *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.

5   1996).

6        In *United States v. Mixon*, Case No. CR-14-00631-001, 2015 WL 5934841 (D. AZ October

7   13, 2015), which relied on the decision in *Jensen,* the court analyzed a defense argument that certain

8   counts in a first superseding indictment failed to set forth "essential facts necessary to fairly inform

9   Defendant of the charges against her." *Id*. at *3. Defendant further argued that the motion to dismiss

10   "can be resolved based on uncontested facts and undisputed evidence." *Id. citing Jensen*, 93 F.3d

11   667 (no pinpoint cite provided). Noting, at the end of the decision that "a [c]ourt must not make a

12   pre-trial determination of the evidence with regard to an element of the offense," the court rejected

13   consideration of the defendant's denials and attempts to compare allegations in an indictment with

14   the Government's disclosures as falling within the purview of the jury. *Id*. at **3-4.

15        Applying the law to the case at bar, the Court, as it must, relies on the four corners of the

16   indictment to determine if the essential facts constituting the offenses charged are present. *Id*. at *3

17   citing *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Each of the counts in the

18   superseding indictment, alleging that Defendant violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2),

19   clearly state that Defendant knew he had been convicted of a felony, knew he was a felon (a prohibit

20   person as defined by 922(g)), and knowingly possessed firearms in violation of the statutes. ECF

21   No. 54, Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, and Twenty. These

22   facts must be presumed true at this stage of proceedings. *Jensen*, 93 F.3d at 669. Moreover, without

23   doubt, Plaintiff had an opportunity to plead to this indictment and, as stated, a calendar call and jury

24   trial date have been set for January 2020. While the original indictment (ECF No 1) states these

25   facts slightly differently ("having been convicted of a" felony, Defendant knowingly possessed a

26   firearm shipped and transported in interstate commerce), the law at the time was such that no more

27   was needed to properly state charges in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Thus,

28   Defendant was properly charged, and neither misled nor prejudiced by the original indictment. The

1    superseding indictment, filed before Defendant went to trial and to which Defendant had an

2    opportunity to plead, only added that Defendant "knew" he was a felon. This fact—that Defendant

3    knew he was a felon—is something Defendant admits in his moving papers when he states that he

4    "was convicted of felonies … in 1995."[4]

5           Thus, despite Defendant's contrary contention, the superseding indictment is not subject to

6    dismissal. "An amendment [to an indictment] of form and not of substance occurs when the

7    defendant is not misled in any sense, is not subjected to any added burden, and is not otherwise

8    prejudiced." *United States v. Shields*, No. CR12–00410, 2014 WL 4744617 (N.D. CA September

9    23, 2014), *citing United States v. Kegler,* 724 F.2d 190, 194 (D.C. Cir. 1983) *citing Williams v.*

10   *United States,* 179 F.2d 656, 659 (5th Cir. 1950). A review of Defendant's Motion, as well as his

11   Reply, shows that he offers no case law contrary to the standard adopted in *Shields*, and no argument

12   whatsoever that he was misled, burdened or prejudiced by the original indictment or the superseding

13   indictment. ECF Nos. 53 and 58 generally. Instead, Defendant argues facts—that he allegedly did

14   not know of his status as a prohibited person (ECF No 53 at 4:19); and, "he [allegedly] did not have

15   a guilty state of mind required by the statute." ECF No. 58 at 2:26; 3:2-3; 3:6-7. *Rehaif* is clear:

16   "We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must

17   prove both that the defendant knew he possessed a firearm and that he knew he belonged to the

18   relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

19          Through Defendant's argument he seeks a summary determination of what it is that the

20   Government must prove—what Defendant knew about his status as belonging to the relevant

21   category of persons barred from possessing a firearm. However, Defendant is not entitled to "a

22   summary trial of the evidence." *Jensen*, 93 F.3rd at 669 (citation omitted). As stated in *Mixon*,

23   "[t]he Court must not make a pre-trial determination of the evidence with regard to any element of

24   the offense" when deciding a motion to dismiss. *Mixon*, 2015 WL 5934841 at *4 (citing *id.*).

25

26

27

28

---

[4]        ECF No. 53 at 2:8-9.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RECOMMENDATION

Based on the foregoing, the Court hereby recommends that ECF No. 53, Defendant Rashad Tanner's Motion to Dismiss all Counts of Felon in Possession of a Firearm – 19 U.S.C. §§ 922(g)(1) and 924(a)(2), be DENIED.

DATED this 30th day of October, 2019.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).