# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>RASHAD CRAIG TANNER,<br><br>Defendant | Case No.: 2:18-cr-00266-APG-EJY<br><br>**Order Accepting Report and Recommendation of Magistrate Judge and Denying Motion to Dismiss**<br><br>[ECF Nos. 51, 53 62] |

Defendant Rashad Tanner is charged with several counts each of illegally acquiring firearms and being a felon in possession of firearms. ECF No. 54. He moved to dismiss the Felon in Possession of a Firearm charges in this case, arguing that the Indictment did not plead all necessary elements of the crimes as required by *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). ECF Nos. 51, 53. While the motion was pending, the grand jury returned a Superseding Indictment adding the language required by *Rehaif*. ECF Nos. 54, 55. Tanner argues the Superseding Indictment still does not adequately allege that he knew he was a member of the category of persons barred from possessing firearms. ECF No. 58. He bases this argument on his belief that his prior felony convictions had been expunged.

Magistrate Judge Youchah recommended that I deny the motion. ECF No. 62. Tanner filed an objection to that recommendation. ECF No. 63. I conducted a de novo review of the Report and Recommendation and all related papers as required by Local Rule IB 3-2. Judge Youchah's Report and Recommendation sets forth the proper legal analysis and factual basis for the decision, and I accept and adopt it as my own. I supplement her Report and Recommendation with the following:

"An indictment must state the essential facts to apprise the defendant of the charges against him so that the defendant may prepare a defense, but the indictment may be construed to include facts necessarily implied by the allegations." *United States v. Broncheau*, 597 F.2d 1260, 1263 (9th Cir. 1979). *See also United States v. Huping Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012) ("An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy."). The Superseding Indictment is sufficient.

Tanner argues the Superseding Indictment does not specifically allege he knew he was in the prohibited class. But it alleges he knew he had been convicted of felonies. ECF No. 54. Whether those felonies were expunged and Tanner's knowledge or belief about that are factual questions for the jury to resolve at trial. It is apparent from Tanner's motion and related briefs that Tanner clearly understands this defense: whether his alleged efforts to expunge his felonies negate the knowledge that he was in a prohibited class. *See* ECF No. 53 at 2 ("In 2016, Tanner worked to have his criminal record expunged. . . . Tanner believed his criminal record [was] erased. He believed he could legally purchase firearms."). The Superseding Indictment includes sufficient allegations to apprise him of the charges so he can prepare a defense.

I HEREBY ORDER that Magistrate Judge Youchah's Report and Recommendation (**ECF No. 62**), as supplement above, **is accepted and approved**. Defendant Rashad Tanner's Motion to Dismiss **(ECF No. 51, 53) is DENIED.**

DATED this 9th day of December, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE