UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RASHAD CRAIG TANNER,<br><br>　　　　Defendant. | Case No. 2:18-CR-00266-APG-EJY<br><br>**ORDER** |

Pending before the Court is Rashad Tanner's Motion for Temporary Release for Defendant to Attend Surgery and Visit Grandmother (ECF No. 94). The Court has considered Defendant Tanner's Motion and the Government's Response (ECF No. 95). Because Tanner states that his daughter will have surgery on her adenoids on November 5, one week from today, the Court issues this Order before the due date for a reply brief.

**I.	Summary of Motion and Opposition**

In his Motion, Defendant states that he is seeking relief pursuant to 18 U.S.C. § 3142(i) to be with his daughter who is having adenoid surgery and to visit his grandmother who he states is on life support. ECF No. 94 at 2. Defendant asks to be released into the custody of his mother, Viola Wilson, who Defendant states will provide "the Court with a measure of security regarding Mr. Tanner's future appearance and the safety of the community." In the alternative, Defendant states he could be transported to UMC Hospital on two occasions—once when his daughter has surgery and once to visit his grandmother.

In opposition to Defendant's Motion, the Government argues that Defendant bears the burden of demonstrating release under 18 U.S.C. § 3142(i) is appropriate. The Government also argues that visiting with family is not a compelling reason for Defendant's release and, therefore, Defendant has not met his burden. The Government states that when considering whether Defendant

has met his "compelling reason" burden, the Court should balance the reasons provided for release against the other factors courts consider "under the statutory framework of 18 U.S.C. § 3142." ECF No. 95 at 3.

**II.   Discussion**

The Bail Reform Act states, in relevant part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a U.S. Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). While "compelling reasons" have recently been vociferously argued due to the challenges posed by COVID-19, there is little case law to which the Court may look for guidance when applying § 3142(i) to the facts presented by Defendant.

As the Government points out, Defendant bears the burden of establishing compelling reasons for his temporary release under § 3142(i). *United States v. Boatwright*, ___ F.Supp.3d ___, 2020 WL 1639855, at * 4 (D. Nev. Apr. 2, 2020) (internal citation omitted). Further, courts grant relief under § 3142(i) "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, ___ F.Supp.3d ___, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020); *United States v. McKnight*, Case No. CR 18-16, 2020 WL 1872412, at *2 (W.D. Wash. Apr. 15, 2020) *quoting Boatwright*, 2020 WL 1639855, at * 4; *see also United States v. Scarpa*, 815 F.Supp. 88 (E.D.N.Y. 1993) (permitting the defendant's release under the 24-hour guard of the U.S. Marshal Service at his own expense because of traumatic gunshot injury and terminal AIDS diagnosis and correctional authorities could no longer manage his medical conditions); *United States v. Cordero Caraballo*, 185 F.Supp. 2d 143, 144-47 (D.P.R. 2002) (ordering release of defendant who sustained multiple gunshot wounds, was partially paralyzed, could not walk, lost some arm function, who required the supervision of 4-5 contracted security guards on a daily basis and Bureau of Prisons could not provide required medical care).

While it is true that the Court's determination under § 3142(i) is discretionary, the Court's discretion is not without bounds. Among the reasons the courts generally consider for temporary release based on § 3142(i) are: (1) time and opportunity the defendant has to prepare for the trial and

to participate in his defense; (2) the complexity of the case and volume of information; and, (3) expense and inconvenience associated with preparing while incarcerated. *United States v. Cecrle*, Case No. 2:12-CR-400, 2014 WL 31674, at *4 (D. Nev. Jan. 3, 2014). None of these reasons are argued here. Instead, Defendant argues family members are ill, one of whom, Defendant's daughter, will have childhood surgery, and the other of whom, his grandmother, is on life support. The surgery is alleged to be scheduled at UMC Hospital where Defendant also alleges his grandmother is presently located. No evidence supporting either circumstance prompting Defendant's request was provided by Defendant.

This is the fourth time Defendant has sought release from custody, albeit on this occasion the request is for temporary release for an unspecified length of time. On September 5, 2018, the Court first considered Defendant's pretrial release. ECF No. 5. Magistrate Judge George Foley (Ret.) detained Defendant noting that (1) Defendant committed some of the offenses on which he is currently indicted while on parole from state charges; (2) Defendant's criminal history included assaults of persons one of whom was a peace officer, and (3) the allegations in the present indictment are serious involving the alleged illegal acquisition of numerous firearms. Judge Folely concluded that there were no conditions or combination of conditions of release that could be fashioned that would reasonably assure the safety of the community.

On December 17, 2019, Defendant filed his first motion to reopen detention. ECF No. 66. In preparation for that hearing, the Court reviewed the original proceedings leading to detention and found that Defendant presented no information that was not known to Defendant at the time of his original hearing and, therefore, the Motion to Reopen Detention was denied. ECF No. 70. On March 4, 2020, Defendant again moved to reopen detention (ECF No. 75). This motion was heard on May 18, 2020. ECF No. 81. At that hearing, the Court reviewed at length the basis for Judge Foley's original order of detention, explained the basis for the Court's finding that a single error regarding the date Defendant's parole ended was both something Defendant knew or should have known at the time of the original detention hearing; and, even if this error was not known to Defendant at that time, this fact was not material and would have changed the reasoning underlying Judge Foley's original determination regarding detention. *Id*. The timing of the events alleged in the indictment

and the fact that Defendant was alleged to have engaged in ten counts of illegal acquisition of a firearm, including handguns and rifles, was unchanged. *Id*. As such there was no basis to reopen detention and Defendant's Motion to Reopen Detention was again denied. *Id*.

Again, the Court understands that Defendant does not seek to reopen detention through his presently pending Motion. But, as previously stated by the U.S. District Court for the District of Nevada, "it cannot be the case that requests for temporary release under § 3142(i) [should] be analyzed in a vacuum. Despite the dearth of guidance in this regard, it appears that, in considering the propriety of temporary release, the court would need to balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention." *United States v. Cox*, 449 F.Supp.3d 958, 962 (D. Nev. 2020). Thus, here, even though Defendant seeks temporary release to be with family members, the history of Defendant's original detention and subsequent attempts to be released are considered by the Court.

The concerns expressed regarding Defendant's alleged currently pending criminal activity have not changed. The indictment includes ten counts of illegal acquisition of a firearm, including handguns and rifles and, if proven at trial, at least some of these offenses occurred while Defendant was on probation from state law crimes for which he served a lengthy sentence. Further, Defendant's criminal history has not changed. These grounds for Defendant's original detention weigh heavily against temporary release. Moreover, Defendant does not state whether or how he would remain in his mother's custody while at UMC Hospital when visiting his grandmother or presumably waiting during his daughter's surgery. Defendant does not state that his mother has the means to transport him to and from the hospital or that she would remain with him throughout the time Defendant was released and at the hospital. Defendant does not indicate whether he can visit his grandmother on the same day that he is at the hospital for his daughter or whether his mother would transport him back and forth to the United States Courthouse from which he must be released and to which he must be returned to custody.

Given the lack of specificity provided by Defendant regarding the length of release he seeks, any evidence to support his claim that his grandmother is on life support at UMC (albeit the Court presumes this representation is accurate), whether he is able to visit his grandmother on the same

4

date his daughter's surgery is scheduled, whether his mother will retrieve him from and return him to the custody of the U.S. Marshal Service at the United States Courthouse, and whether Defendant's mother will remain with him while he is at UMC, the Court is left with strong concerns regarding temporary release. The Court is not without sympathy for Defendant's desire to be present during his daughter's adenoid surgery or his desire to visit his grandmother. However, these events are not so compelling as to warrant the application of the sparingly granted temporary release Defendant seeks.

The Court previously identified the reasons why Defendant presents a danger to the community. Balancing those reasons against the facts Defendant presents, the Court finds Defendant fails to carry his burden of establishing compelling reasons for his temporary release under 18 U.S.C. § 3141(i).

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Temporary Release for Defendant to Attend Surgery and Visit Grandmother (ECF No. 94) is DENIED.

DATED this 3rd day of November, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE